IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:21cr36-AW-MAF-3

CLONET JUNIOR CHARMANT
_____/

## STATEMENT OF FACTS

The parties agree with the truthfulness of the following factual basis for the defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary. Defendant admits that, if this case were to proceed to trial, the Government could prove the following facts beyond a reasonable doubt:

On March 27, 2020, Congress passed the $2.2 trillion Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which in part provides economic relief for taxpayers nationwide in response to the COVID-19 pandemic. The aid package includes an Economic Impact Payment [("EIP"), also known as a "Coronavirus Stimulus check" or "Coronavirus Stimulus payment"] of $1,200 to individuals, so long as their last annual adjusted gross income was less than $75,000. Payments are distributed by the United States Treasury via direct deposit,

1

FILED IN OPEN COURT THIS
11/18/21  cm
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

or by mail using the latest address on file with the Internal Revenue Service ("IRS").

On May 2, 2020, Tallahassee Police Department ("TPD") received a report from A.H., who advised TPD that her $1,200 EIP had been mailed to an old residential address that she used for her W-2 (2700 West Pensacola Street, Apartment 1223, Tallahassee, FL 32304). A.H. also advised that she received a call from TD Bank (in South Carolina) informing her that an account using her name, social security number, and her old West Pensacola Street address had been created online. A.H. stated she only banked with Bank of America and had no knowledge of the TD Bank account that was created. Further, A.H. advised that she was told by TD Bank that her EIP check had been deposited into the TD Bank account and that phone number (850) 462-2335 was used when the account was opened in her name.

TD Bank records show that the account opened in the name of A.H. was opened electronically on May 1, 2020, and A.H.'s Treasury check was deposited into that account via mobile deposit on the same day. TD Bank records further show that the phone numbers (850) 462-2335 and (786) 709-3353 (which was later discovered to be Co-Defendant Joe Catala's T-Mobile phone number) were registered to the account; those phone numbers were later linked to Co-Defendant Joe Catala. The TD Bank records also show that two Zelle transfers were made to

2

"Clonet Charmant" on May 4, 2020 from that account. Law enforcement agents later interviewed Defendant Charmant and he confirmed that the two Zelle transfers were sent to him by Co-Defendant Joe Catala for what he claimed was payment for shoes that Charmant's mom had bought for Catala.

During the course of the investigation, agents learned that phone number (850) 462-2335 was one of the phone numbers belonging to TextNow, Inc. for use by its customers. TextNow, Inc. records revealed that on November 21, 2019, at approximately 8:05 AM UTC, user account "drewhunchie" was created utilizing email address drewhunchie@gmail.com, and that on April 22, 2020, at approximately 3:00 AM UTC, "drewhunchie" took ownership of phone number (850) 462-2335. TextNow, Inc. also provided IP logs for recent activity associated with the username "drewhunchie" for April 2020 and May 2020 that reflected the same two IP addresses being used – 184.102.14.253 and 71.209.94.161.

TextNow, Inc. also provided call and message logs for phone number (850) 462-2335 which revealed at least one call to Kiku Japanese Fusion in Tallahassee, FL. TextNow, Inc. also provided call logs that reflected phone number (850) 462-2335 also made calls to TD Bank.

On May 13, 2020, agents went to Kiku Japanese Fusion in Tallahassee. An employee there provided a copy of an order invoice dated April 30, 2020 for a customer whose initials were "A.C." with a phone number of (850) 462-2335. The

3

order was paid for using a debit/credit card ending in 1419 (belonging to Co-Defendant Catala) with a billing ZIP code of 34953 (associated with the Port St. Lucie, FL area).

CenturyLink records indicated that IP addresses 184.102.14.253 and 71.209.94.161 were assigned to a subscriber whose billing name is "Villa Del Lago" with a service address of 2700 West Pensacola Street, Unit 1223, Tallahassee, FL (which is now known as "The Social 2700 Student Spaces" apartment complex) since July, 26, 2010. The Social 2700 used to be known as "Villa Del Lago."

Co-Defendant Ramirez, Defendant Charmant, and Co-Defendant Catala are all friends and graduates of (St. Lucie West) Centennial High School in Port St. Lucie, FL, and that Catala was a frequent guest of Ramirez' at 2700 West Pensacola Street, Apartment 1223, Tallahassee, FL 32304. Ramirez and Catala were involved in a credit card scam since August 2019, and Catala, using his laptop, searched the "Dark Web" to obtain unknown persons' personally identifiable information ("PII") at the apartment in Tallahassee as part of the credit card scam.

Further investigation revealed a scheme to defraud multiple U.S. bank customers using Zelle, fraudulent account applications, and through fraudulent use of debit card numbers to make purchases. These customers banked with Austin

4

Telco Credit Union, Bank of America, Bank of Hawaii, BB&T, Discover Bank, Frist Republic Bank, GBC International Bank, Innovations Federal Credit Union (headquartered in Panama City, FL), JPMorgan Chase, TD Bank, and UMB Bank – all were federally insured at all times relevant to this investigation. The defendants used Zelle to transfer funds from victim accounts (with financial institutions located nationwide) into the accounts of the defendants.

On May 18, 2020, a search warrant was obtained from Southern District of Florida Magistrate Judge Shaniek M. Maynard (case number 20-040-SMM) authorizing a search of Defendant Charmant's parent's residence in Port St. Lucie, FL, for items of evidence, including documents and electronic devices. During that search, Defendant Charmant's blue iPhone was located and seized, and a digital forensic examination was performed on it. In particular, a conversation between Defendant Charmant and Co-Defendant Catala using the Telegram messaging application was discovered. The conversations between Defendant Charmant and Co-Defendant Catala included the sharing of personal identification information (names, dates of birth, addresses) and photos of identification documents, and credit/debit card numbers (including expiration dates, CVVs/security codes, and billing ZIP codes), and photographs of such access devices. Further, the coordination of fraud activity in Florida and nationwide, and

the sharing of fraud proceeds were discussed by Defendant Charmant and Co-Defendant Catala using the Telegram app.

Specifically, on April 15, 2020 around 1:31 AM, Co-Defendant Catala sent a Telegram message to Defendant Charmant that asks "Your head ready for the zelle/chimenplay" to which Defendant Charmant replied "Duhh." Co-Defendant Catala then sent a message that read "Sending info now" followed by the name, address, First Republic Bank debit card number, expiration date, and CVV/security code of E.G., who was a resident of Connecticut (and who Defendant Charmant knew to be a real person). In response, Defendant Charmant sent a message back that read "Send other info for the piece." During the execution of the search warrant at 2700 West Pensacola Street, Unit 1223, Tallahassee, FL (issued by Magistrate Judge Martin Fitzpatrick on May 15, 2020 in case #4:20mj125-MAF), agents located a takeout bag from O.G. Subs to which a sales receipt was attached. The receipt was dated April 18, 2020, and reflected the customer name, "E.G.," and phone number (727) 317-1564. This phone number was determined to belong to TextNow, Inc. and records revealed that this particular phone number was assigned to the "drewhunchie" account on or between April 6, 2020, and April 22, 2020. Records from First Republic Bank for E.G.'s account show the fraudulent charge at O.G. Subs and E.G.'s subsequent dispute thereof.

Also, on April 15, 2020, at 6:16 PM, Defendant Charmant sent a Telegram message to Co-Defendant Catala that read "I need the other piece so I can work rn [right now] to which Co-Defendant Catala replied "Waiting on Site." About thirty minutes later, Co-Defendant Catala sent a message to Defendant Charmant that contained the name, address, First Republic Bank debit card number, expiration date, and CVV/security code of P.F., who was a resident of New York (and who Defendant Charmant knew to be a real person). In response, Defendant Charmant replied "appreciate that kid" and a screenshot of a web form for Zelle in which the address of P.F. was typed into the fields. Records from First Republic Bank for P.F.'s account show several fraudulent charges totaling $645.02 which P.F. disputed.

Further, in the early morning hours on April 21, 2020, Co-Defendant Catala sent a Telegram message to Defendant Charmant that contained the name, address, Pacific Premier Bank debit card number, expiration date, and CVV/security code of D.C., who was a resident of California (who and Defendant Charmant knew to be a real person). Co-Defendant Catala then said "break me off [o]f it" to which Defendant Charmant replied "I gotchu." Co-Defendant Catala also directed Defendant Charmant to "[o]nly send [$]250." Later that day, Co-Defendant Catala sent a photo of a food delivery order confirmation from O.G. Subs addressed to [D.C.'s first name] to Defendant Charmant. Records from Pacific Premier Bank

7

for D.C.'s account reflect the fraudulent charge at O.G. Subs and D.C.'s subsequent dispute thereof.

Further, on April 27, 2020, around 4:16 PM, Co-Defendant Catala sent a Telegram message to Defendant Charmant that read "I ready You Ready?" to which Defendant Charmant replied "Hell yeah Yesssssssirrr." In response, Co-Defendant Catala sent a message to Defendant Charmant that contained the name, address, email address, First Republic Bank debit card number, expiration date, and CVV/security code of A.C., who was a resident of Arizona (and who Defendant Charmant knew to be a real person). In response, Defendant Charmant replied "Appreciate that fam Ima get right rn [right now]." Defendant Charmant also asked Co-Defendant Catala to "Send me that number so I can send bread [money] [to Co-Defendant Catala via Zelle] too." As noted above, A.C.'s name was used on the food order at Kiku Japanese in Tallahassee, Florida on April 30, 2020. Records from First Republic Bank for A.C.'s account show several fraudulent charges on the account and A.C.'s subsequent dispute.

As part of his involvement in the conspiracy and the scheme to defraud, the Defendant obtained or attempted to obtain more than $6,500 but less than $15,000.

## ELEMENTS OF THE OFFENSE

i. **Conspiracy to Commit Bank Fraud and Wire Fraud – 18 U.S.C. § 1349**

   Elements to be proven beyond a reasonable doubt:

   1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud and wire fraud, as charged in the indictment; and

   2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

   *Adapted from* 11th Circuit Pattern Jury Instructions § O54.

ii. **Bank Fraud - 18 U.S.C. § 1344**

   Elements to be proven beyond a reasonable doubt:

   1) the Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution or to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

   2) the false or fraudulent pretenses, representations, or promises were material;

   3) the Defendant intended to defraud the financial institution or someone; and

   4) the financial institution was federally insured.

   11th Circuit Pattern Jury Instructions § O52.

iii. **Fraud involving identification documents – 18 U.S.C. § 1028(a)**

   Elements to be proven beyond a reasonable doubt:

9

1) The defendant knowingly transferred, possessed, or used a means of identification of another person; and

2) The defendant knew that the means of identification belonged to another person; and

3) The defendant acted with the intent to commit, to aid or abet, and in connection with any activity that violates federal law; and

4) The defendant acted without lawful authority; and

5) The transfer, possession, or use of the means of identification occurred in or affected interstate or foreign commerce.

7th Circuit Pattern Jury Instructions § 1028(a)(7) (2020 ed.)

### iv. Aggravated Identity Theft – 18 U.S.C. § 1028A

Elements to be proven beyond a reasonable doubt:

(1) The Defendant knowingly transferred, possessed, or used another person's means of identification;

(2) The Defendant did so without lawful authority[1];

(3) The Defendant knew the means of identification belonged to an actual person[2], and

(4) The Defendant did so in relation to bank fraud.

11th Circuit Pattern Jury Instructions § O40.3.

---

[1] In United States v. Zitron, 810 F.3d 1253, 1260 (11th Cir. 2016) (per curiam), the Eleventh Circuit found that the defendant used the victim's identity "without lawful authority" in two ways: (1) the defendant did not have permission to use the victim's identity, and (2) the defendant used the victim's means of identification for an unlawful purpose. See also United States v. Joseph, 567 F. App'x 844, 848 (11th Cir. 2014) (per curiam) (unpublished).

[2] Does not appear in the 11th Circuit Pattern Jury Instructions.

10

*[signature]*

Eric Milles
Attorney for Defendant

11/18/21
Date

*[signature]*

Clonet Junior Charmant
Defendant

11/18/21
Date

JASON R. COODY
Acting United States Attorney

*[signature]*

Justin M. Keen
Florida Bar No. 021034
Assistant United States Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
850-942-8430
Justin.Keen@usdoj.gov

11/18/21
Date

11